(15 Misc. Rep. 146.)

## CULLEN v. GALLAGHER.

(Common Pleas of New York City and County, General Term. December 27, 1895.)

EVIDENCE—MATERIALITY—QUESTION ALREADY ANSWERED.
    Where a witness testified, in an action by his employer to recover the value of work, that he received stonecutters' wages, and the union wages for stonecutters was in evidence, the question by defendant's counsel, "How much was it?" is immaterial.

Appeal from Ninth district court.

Action by John Cullen against Patrick Gallagher. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Hastings & Gleason, for appellant.

Daniel Daly, for respondent.

PER CURIAM. This action was brought to recover the value of work done for the defendant at his request. There is no stipulation

in the agreement as to the rate of compensation. It therefore became necessary for the plaintiff to show the value of the work, and he gave evidence tending to show the number of days his workmen were employed and the fair value of the work. On the cross-examination of one of his witnesses the defendant asked: "Q. What wages were you paid? A. Stonecutter's wages. Q. How much was it?" This was objected to by the plaintiff, on the ground that it was immaterial, and the court sustained the objection, remarking, "I don't think it is proper," to which defendant excepted. As a general rule, the cost of an article or thing is not the criterion of its value. In most cases the question is its market value. Although it has been said, "whether the price paid for a chattel or the price at which it is sold be admissible in evidence depends upon the special circumstances of each case" (Beach v. Railway Co., 37 N. Y. 469), and accordingly many cases may be quoted where such cost was admitted in evidence, and it may be conceded in this case that the question should have been allowed, yet we think the defendant was not injured by the ruling of the court. The witness had, just before, testified that he received stonecutter's wages, and it was in evidence; without contradiction, that the union wages for stonecutters were $4.50 per day; so that the question was substantially answered. The real question for the court to determine was the fair value of the plaintiff's services. That was testified, by the plaintiff and a witness called on his behalf, to be worth from $5 to $6 a day, and no evidence was given by the defendant to contradict this; the principal question raised upon the trial being as to the number of days the men worked. On this there was some conflict, but we think there was quite enough to justify the court in finding as it did as to the number of days, for which compensation was allowed at the lowest rate testified to.

The judgment should therefore be affirmed, with costs.